SAMUEL POLKOWITZ

v.

JAMES J. NASH et al.

[Submitted March 27th, 1917.  Decided March 30th, 1917.]

1. The characterization of a person as trustee for another in the premises of a deed of gift impresses such equitable estate upon the title and was notice thereof.

2. A deed executed by such trustee was abortive and is a cloud upon the title which may be set aside upon equitable terms at the instance of the *cestui que trust*.

3. The *cestui que trust* may elect to surrender his estate and affirm the deed upon payment of fair compensation.

On bill, &c.

*Mr. John P. Kirkpatrick,* for the complainant.

*Mr. Martin B. Stutsman,* for the defendants.

BACKES, V. C.

This is a bill to quiet title, and the controversy is before the court on this state of facts.  Daniel Hallahan intending to make a gift to his grandson, James Nash, Jr., on April 22d, 1902, conveyed the land in dispute, situate on New Brunswick avenue, Perth Amboy, to James J. Nash, "Trustee for James Nash, Jr.," so styled in the premises of the deed.  The grant was to James J. Nash, his heirs and assigns; *habendum* to him, his heirs and assigns, to the proper use, benefit and behoof of him, his heirs and assigns.  On June 26th, 1905, James J. Nash, as trustee for James Nash, Jr., conveyed the property to the complainant and others for the consideration of $4,500.  The "others" later conveyed it to the complainant.  Believing that he had an indefeasible estate, the complainant expended $16,000

and upwards in erecting a store-building on the land. On seeking a mortgage loan thereon from a trust company, his title was questioned. He thereupon filed this bill. James Nash, Jr., at the time of the gift from his grandfather, was a minor of tender years and knew nothing of it until after service of process in this suit. He has in no manner acquiesced in or confirmed the conveyance made by his father since arriving of age. The consideration price paid by the complainant has been squandered by the father, who is now insolvent. In his counterclaim, Nash, Jr., prays that the complainant's conveyances be set aside, and that the title to the premises be declared in him, or, in the alternative, that the value of his interest be ascertained and the complainant ordered to pay the same to him. James J. Nash held the legal estate in fee, upon a simple and naked trust to convey it to Nash, Jr., or to such others as he should direct. *Brown* ads. *Combs, 29 N. J. Law 37; Cooper v. Cooper, 36 N. J. Eq. 121.* The characterization of the grantee as "trustee for James Nash, Jr.," in the premises of the deed of gift, impressed the equitable estate upon the title and was notice thereof, which the complainant cannot escape. *Gaston v. American Exchange National Bank, 29 N. J. Eq. 98; Aller v. Crouter, 64 N. J. Eq. 381.* The effort of the trustee to convey the land to the complainant was abortive, and the deed, as a cloud on the title, may be set aside upon equitable terms at the instance of the *cestui que trust.* He has, however, elected, and in this the complainant has acquiesced, to surrender his estate, upon the payment of fair compensation. The property has a frontage of fifty-two and seventy-six hundredths feet, and from the evidence produced before me, I am of the opinion that the fair market value, at this time, is $100 a front foot.

A decree may be entered quieting the complainant's title, and sustaining the deed, made by the trustee, as a conveyance in fee of the legal and equitable estate, presently confirmed as such by the *cestui que trust.* And let it be further decreed that the complainant pay to the defendant, James Nash, Jr., the sum of $5,276, to be imposed as a lien upon the land and to be executed by a sale thereof, unless it is paid within thirty days. No costs.